# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK NEWTON SPOTZ, | : | |
|     Petitioner | : | No. 1:12-cv-01327 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| JOHN E. WETZEL, Acting Secretary, | : | THIS IS A CAPITAL CASE |
| Pennsylvania Department of Corrections, et al., | : | |
|     Respondents | : | |

## MEMORANDUM ORDER

Petitioner Mark Newton Spotz, a state inmate under sentence of death, moves the Court for a stay of execution in order to allow his federal habeas corpus counsel a meaningful opportunity to file a Section 2254 petition on his behalf. (Doc. No. 7.) In light of clear precedents established by the United States Supreme Court, the Court will grant the motion.

## I. BACKGROUND

Petitioner was convicted of first-degree murder and related charges in the Court of Common Pleas of York County in 1996. On August 22, 2000, the Pennsylvania Supreme Court affirmed Petitioner's convictions and death sentence. Commonwealth v. Spotz, 756 A.2d 1139 (Pa. 2000). Petitioner's timely petition for writ of certiorari to the United States Supreme Court was denied on March 19, 2001. Spotz v. Pennsylvania, 532 U.S. 932 (2001). After Petitioner's petition for post-conviction collateral relief was dismissed by the York County Court of Common Pleas, the Pennsylvania Supreme Court affirmed the York County Court's decision on June 26, 2012. Commonwealth v. Spotz, 47 A.3d 63 (Pa. 2012).

On July 9, 2012, Petitioner moved the Court for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel. (Doc. No. 1.) The Court granted the motion, and directed Petitioner to file a petition for habeas corpus relief on or before January 14, 2013.

(Doc. No. 6.) On November 14, 2012, Petitioner moved the Court for a stay of execution, informing the Court that the Governor of Pennsylvania signed a warrant for the imposition of the death penalty upon Petitioner, and his execution is presently scheduled for January 8, 2013. (Doc. No. 7.) Respondents filed a brief in opposition on December 17, 2012, to which Petitioner filed a sur reply on December 18, 2012. (Doc. Nos. 11, 12.) Petitioner's motion for a stay of execution is now ripe for disposition.

## II. DISCUSSION

A federal court is authorized to appoint counsel for an indigent prisoner seeking to set aside a death sentence by means of a writ of habeas corpus pursuant to Section 2254. See 18 U.S.C. § 3599(a)(2).[1] Once a capital defendant successfully invokes his right to appointed counsel, a federal court also has jurisdiction under 28 U.S.C. § 2251 to enter a stay of execution pending the resolution of his application for Section 2254 relief. McFarland v. Scott, 512 U.S. 849, 858 (1994); see also Christy v. Horn, 115 F.3d 201, 203 (3d Cir. 1997). If counsel is not afforded a meaningful opportunity to research and present the petitioner's habeas claims prior to the scheduled date of execution, the Court is obligated to stay the execution, as "approving the execution of a [petitioner] before his petition is decided on the merits would clearly be improper." McFarland, 512 U.S. at 858 (citation and internal brackets omitted).

Here, Petitioner is scheduled to be executed on January 8, 2013, six days before his Section 2254 petition is due to be filed. (Doc. No. 6.) The Court is cognizant of the fact that

---

[1] In McFarland v. Scott, 512 U.S. 849, 867 (1994), the Supreme Court held that "a 'post-conviction proceeding' within the meaning of [Section 3599(a)(2)] is commenced by the filing of a death row defendant's . . . motion requesting the appointment of counsel" for his federal habeas corpus proceeding."

Petitioner's counsel must be afforded a meaningful opportunity to review the voluminous state court record and to prepare the petition. Moreover, Petitioner's counsel has been operating under the belief that the petition need not be filed before January 14, 2013, pursuant to the Court's August 1, 2012 order. (Doc. No. 6.) Under such circumstances, it would be inequitable to deny Petitioner's motion for a stay of execution. By entering a stay of execution at this juncture, the Court emphasizes that it is not reaching the constitutional merits of Petitioner's habeas petition. Rather, the Court is merely following the clear directives of the Supreme Court set out in McFarland.

**ACCORDINGLY**, on this 20th day of December 2012, **IT IS HEREBY ORDERED THAT** Petitioner's motion for a stay of execution (Doc. No. 7) is **GRANTED**, and, pursuant to 28 U.S.C. § 2251, any state proceedings for the execution of Petitioner are **STAYED** pending disposition of the anticipated petition for a writ of habeas corpus under 28 U.S.C. § 2254, or until further order of the Court.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania