# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK NEWTON SPOTZ,** | : | Civil Action No. 1:12-CV-01327 |
| Petitioner | : | (Chief Judge Kane) |
| v. | : | |
| **JOHN E. WETZEL,** Acting Secretary, | : | THIS IS A CAPITAL CASE |
| Pennsylvania Department of Corrections; | : | |
| **LOUIS S. FOLINO,** Superintendent of the | : | |
| State Correctional Institution at Greene; | : | |
| and **MARIROSA LAMAS,** Superintendent of | : | |
| the State Correctional Institution at Rockview, | : | |
| Respondents | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is Petitioner Mark Newton Spotz's motion for a stay of these federal proceedings pending resolution of a state court challenge to a separate conviction forming the basis for aggravation in this case. (Doc. No. 22.) For the reasons that follow, the motion will be granted.

Petitioner is a state prisoner who has been sentenced to death following his 1996 convictions for first-degree murder and related charges in Schuylkill, York, and Cumberland Counties. Petitioner was also convicted of manslaughter in Clearfield County. All convictions and sentences stem from incidents that occurred between January 31 and February 3, 1995.

On July 9, 2012, Petitioner filed a motion for leave to proceed <u>in forma pauperis</u> and for appointment of federal habeas corpus counsel, with respect to his York County convictions. (Doc. No. 1.) The Court granted the motion on August 1, 2012, and directed Petitioner to file a petition for writ of habeas corpus on or before January 14, 2013. (Doc. No. 6.) After several

requests for extensions of time were granted, (see Doc. Nos. 16 & 18), Petitioner filed his habeas petition on March 22, 2013, (Doc. No. 24).  Prior to filing his supporting memorandum of law, Petitioner has filed the instant motion for a stay of these proceedings.  (Doc. No. 22.)

In the instant motion, Petitioner is seeking a stay of the litigation in these proceedings pending resolution of his challenge to his conviction for manslaughter in Clearfield County.  In the sentencing determination in York County, the jury found that there were one or more aggravating circumstances which outweighed any mitigating circumstances.  See Commonwealth v. Spotz, 756 A.2d 1139, 1147 n.9 (Pa. 2000).  Those aggravating circumstances were that Petitioner had committed a killing in the perpetration of a felony, see 42 Pa. C.S. § 9711(d)(6); that Petitioner had a significant history of felony convictions involving the use or threat of violence to the person, see id. § 9711(d)(9); that Petitioner had been convicted of another offense either before or at the time of the offense in issue for which a sentence of death or life imprisonment was possible, see id. § 9711(d)(10); and that Petitioner had been convicted of another murder either before or at the time of the offense at issue, see id. § 9711(d)(11).  See Spotz, 756 A.2d at 1147 n.9.  In the instant motion, Petitioner asserts that these aggravating circumstances found by the York County jury are related to the incident which occurred in Clearfield County.  With respect to the Clearfield County convictions, Petitioner indicates that the case has been reversed by the Pennsylvania Superior Court twice, most recently at Commonwealth v. Spotz, No. 770 MDA 2010 (Pa. Super. Ct. Jan. 13, 2012), and is currently being briefed in the Pennsylvania Supreme Court following the grant of allowance of appeal, see Commonwealth v. Spotz, 58 A.2d 748 (Pa. 2012).  As a result, Petitioner requests that the Court stay and abey the instant proceedings related to the York County convictions pending the final

disposition of the Clearfield County proceedings because the cases are "inextricably intertwined," and the outcome of the state proceedings in the Clearfield County case is potentially dispositive of the penalty-phase issues in this case. (Doc. No. 23 at 7.) The Court agrees and will grant Petitioner's motion, subject to the conditions hereafter set forth.[1]

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court found that under certain circumstances it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state court. Id. at 277-78. In particular, the Supreme Court held that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Under the circumstances presented in these habeas proceedings, Rhines counsels in favor of a stay of litigation in this case while Petitioner awaits final disposition of the voluntary manslaughter conviction in Clearfield County, the impact of which directly relates to these proceedings. However, this stay will be conditioned upon Petitioner returning to federal court within thirty (30) days of the conclusion of his state court proceedings on his Clearfield County conviction. See id., 544 U.S. at 278 ("district courts should place reasonable time limits on a petitioner's trip to state court and back") (citing Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (thirty days is a reasonable time interval to give a petitioner to return to federal court

---

[1] Similar requests for a stay of litigation were granted by the Honorable James M. Munley in the pending habeas corpus proceedings challenging the Cumberland and Schuylkill County convictions. See Spotz v. Wetzel, Civ. No. 3:02-CV-00614 (M.D. Pa. Apr. 19, 2012) (Doc. 46); Spotz v. Beard, Civ. No. 3:06-CV-00955 (M.D. Pa. Mar. 6, 2009) (Doc. 43).

3

following pendency of state court proceedings)).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion for a stay of federal proceedings pending resolution of a state court challenge to the conviction forming the basis for aggravation in this case (Doc. No. 22) is **GRANTED**. Litigation in this habeas corpus proceeding is **STAYED** pending final disposition of the state court proceedings on Petitioner's Clearfield County conviction and sentence.

2. The stay of execution issued by the Court by order dated December 20, 2012 (Doc. No. 13) shall **REMAIN IN EFFECT**.

3. Petitioner shall notify the Court within thirty (30) days from the time of final disposition of the Clearfield County proceedings and request that the stay of litigation be vacated.


S/ Yvette Kane
Yvette Kane, Chief Judge
Middle District of Pennsylvania


Dated: May 6, 2013.